GLADYS MEACHAM *vs.* ARTHUR V. PAGELS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued March 3d—decided April 12th, 1932.

*Franklin Coeller,* for the appellant (plaintiff).

*Carl A. Mears,* for the appellee (defendant).

PER CURIAM. The plaintiff was injured by being struck by an automobile operated by the defendant near the intersection of North Street with the westerly side of Dixwell Avenue in New Haven. The court found the following facts: The accident occurred at eight p. m. on a dark and cloudy night, at which time an electric street lamp located at the intersection in question illuminated the highway not more than twenty feet south of the southerly line of the intersection. The plaintiff alighted from a trolley car on the east side of Dixwell Avenue and proceeded to cross to the west side at a fast walk, taking a course about twenty-five feet south of the southerly line of the intersection. She was struck at a point about twelve feet east of the west curb of Dixwell Avenue. From the time she started to cross the street she did not look either to her right or left. Had she looked to her right she could reasonably have seen the lights of the defendant's automobile which was moving in a southerly direction on the west

side of Dixwell Avenue, at a speed of about fifteen to eighteen miles an hour, with its headlights lighted. He proceeded across the intersection and the plaintiff suddenly walked directly into the path of his car at a distance of eight feet from it. Up to this time the defendant had not seen her though he was on the lookout for pedestrians. He then made all reasonable efforts to avoid the collision but was unable to do so. The court reached the conclusions that the defendant was not negligent, but that the plaintiff was, and that her negligence was the proximate cause of the accident. Whatever might be said as to the defendant's conduct, the other conclusions of the trial court might be reasonably reached upon the facts found and are sufficient to sustain the judgment. The appellant seeks to strike out certain portions of the finding, but the facts found are supported by direct evidence or reasonable inference and no corrections can be made.

There is no error.